IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| BRIAN BEARD, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER TUNNELL, *et al.*, <br><br> Defendants. | CASE NO. 1:23-cv-2389 <br><br> DISTRICT JUDGE <br> PAMELA A. BARKER <br><br> MAGISTRATE JUDGE <br> JAMES E. GRIMES JR. <br><br> **REPORT AND RECOMMENDATION** |

On July 1, 2024, the Court entered an Order to Show Cause which required *pro se* Plaintiff Brian Beard to appear in person and explain "why the Court should not impose sanctions or recommend that sanctions be imposed up to and including the dismissal of this action for failure to prosecute." Doc. 20. Plaintiff failed to appear in person or otherwise show cause for his failure to participate. For the following reasons, the Court recommends that Plaintiff's complaint be dismissed, with prejudice, for failure to prosecute under Federal Rule of Civil Procedure 41(b).

**Background**

On June 4, 2024, the court issued a Case Management Conference (CMC) Scheduling Order. Doc. 12. In the CMC Scheduling Order, the Court directed the parties in his case to attend to certain matters:

> 1. The Court ordered the parties to attend a civil Rule 16 Case Management Conference, which the Court scheduled for June 28, 2024, by video.

> 2. The Court directed that unrepresented parties and counsel for all other parties are jointly responsible for participating in a Planning Meeting at least 21 days before the CMC in an effort to agree in good faith upon the items listed in the agenda.
>
> 3. The Court directed that "[a] Report of the Planning Meeting must be signed by all unrepresented parties and counsel for all other parties and must filed with the Court not less than 5 business days before the CMC."

*See* Doc. 12.

As the docket reflects, the Court's staff mailed the CMC Scheduling Order to Plaintiff together with a Zoom link to be used to join the CMC. *See* June 4, 2024 Docket Entry. On June 21, 2024 the Defendants filed a *Proposed* Report of the Parties' Planning Meeting. Doc. 15. Plaintiff did not file anything. Because Defendants' filing did not comply the Court's Scheduling Order and the applicable rules of civil procedure, on June 24, 2024, the Court directed the parties to file a compliant report or explain why they have not, or could not, submit the required report. Doc. 17.

On June 26, 2024, the Defendants filed a report in which they explained their counsel's unsuccessful efforts to contact Plaintiff. Doc. 18. Defendants' counsel explained that they had been unable to contact Plaintiff and that Plaintiff had not responded to their efforts to communicate or otherwise participated in the required planning meeting. *Id.* Plaintiff again did not file a response to the Court's order.

On June 28, 2024, the Court attempted to conduct the scheduled CMC. Plaintiff did not appear and did not notify the Court or Defendants of any reason for his failure to appear. *See* Doc. 19, 21. Defendants' counsel indicated on the record that he had mailed Plaintiff documents, at both of Plaintiff's addresses of record,[1] which provided proposed deadlines and details that were to be discussed in a planning meeting. On July 1, 2024, the Court issued an Order to Show Cause, which directed Plaintiff to appear in Courtroom 11A at 2:00 p.m. on July 12, 2024, to explain "why the Court should not impose sanctions or recommend that sanctions be imposed up to and including the dismissal of this action for failure to prosecute." Doc. 20.

On July 10, 2024, Plaintiff filed an unsigned document, entitled "Motion for Extension of Case Management Conference response Deadline until July 28, 2024," in which he asked for an extension of time to respond to "the CMC (case management conference)." Doc. 22. Plaintiff stated that his current deadline was June 21, 2024, but that he did not receive "the necessary documents" until June 28. *Id.* The filing does not explain what is meant by the phrase "necessary documents." But, since the only item due on June 21, 2024 was the Report of Parties Plaintiff Meeting, the Court interprets that this

---

[1] On June 18, 2024, Plaintiff filed a notice of address change. Defense counsel represented to the Court during the CMC that they had mailed documents to both addresses in advance of the CMC and the deadline for the parties to participate in a planning meeting.

3

Report is the filing with which Plaintiff was concerned.[2] Plaintiff stated that due to "unique circumstances" he couldn't obtain his opponent's consent to this extension, but does not explain what is meant by the phrase "unique circumstances." *Id.* Plaintiff's motion did not ask that he be excused from participating in the case management planning meeting or the show cause hearing.

On July 12, 2024, the Court conducted the scheduled Show Cause hearing. Plaintiff did not appear. The Court addressed the above timeline of events on the record and allowed Defendants' counsel an opportunity to address the timeline of events that have transpired in this case and Plaintiff's engagement, or lack thereof. Defendants' counsel informed the Court that he still had not received any communication from Plaintiff as of the date of the hearing.

**Analysis**

Federal Rule of Civil Procedure 41(b) permits the voluntary dismissal of a complaint where the plaintiff fails to prosecute, comply with the Federal Rules of Civil Procedure, or comply with a Court Order.[3] *See* Fed. R. Civ. P.

---

[2]  Plaintiff's motion requested an extension from June 21, 2024 until July 28, 2024, which he says would be a 30-day extension. But it would be a 37-day extension.

[3]  "Although the language of Rule 41(b) appears to require a motion by the defendant," a "'district court has the inherent power to dismiss a case sua sponte for failure to prosecute.'" *Marchand v. Smith & Nephew*, No. 11-2621, 2013 WL 6780559, at *2 (W.D. Tenn. Dec. 19, 2013) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991)).

41(b). Dismissal under Rule 41(b) "operates as an adjudication on the merits." *Id.* The Supreme Court has long held that district courts have "the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48 (1991) (citing *Link v. Wabash R. Co.*, 370 U.S. 626, 632 (1962)).

The Sixth Circuit has articulated four factors, none of which are dispositive, that a district court should weigh when considering whether to dismiss an action under Rule 41(b). They are:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008); *see also Shavers v. Bergh*, 516 F. App'x 568, 569–70 (6th Cir. 2013).

Here, as to the first factor, Plaintiff's failure to prosecute is intentional or willful. As of the July 12, 2024 Show Cause hearing, Plaintiff had not responded to Defendants' efforts to communicate about a plan for case deadlines and discovery. He also failed to attend two court-ordered hearings, including his own show cause hearing. Plaintiff's *pro se* status does not excuse him from following "straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991); *see Ward v. Am. Pizza Co.*, 279 F.R.D. 45l, 458 (S.D. Ohio 2012)

5

(collecting cases). Indeed, Plaintiff was able to file a motion requesting an extension of an existing, and since passed, filing deadline. *See* Doc. 22; *cf. Jourdan*, 951 F.2d at 110 ("That he comprehended their significance is evidenced by his having sought their extension."). Plaintiff's motion indicates that he has received at least some "necessary documents," although it is unclear what "necessary documents" he is referencing. Plaintiff's motion does not address Defendants' efforts to contact him in advance of the CMC to discuss discovery and other deadlines. Plaintiff's motion also does not allege that he lacks certain resources, like access to his mail or the ability to monitor the Court's docket. As a result, Plaintiff's failure to participate is willful and this factor weighs in support of dismissal.

As to the second factor, Defendants have "'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Schafer*, 529 F.3d at 737 (citation omitted). Defendant's counsel prepared and submitted a proposed Rule 26(f) report with no input from Plaintiff. Defendants' counsel also appeared at the CMC and the Show Cause hearing. This latter appearance would not have been required had Plaintiff participated in this dispute because there would not have been a need for a Show Cause hearing.

As to the third factor, Plaintiff was warned about the possible result of his failure to participate. *See* Doc. 20. Additionally, as far as the Court can discern, Plaintiff's failure to meaningfully engage has not been related to any

nuance or complexity related to federal litigation. As noted, while some latitude may be extended to *pro se* litigants "when dealing with sophisticated legal issues ... there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan*, 951 F.2d at 109; *see also Fields v. Cnty. of Lapeer*, No. 99–2191, 2000 WL 1720727, at *2 (6th Cir. Nov. 8, 2000) ("it is incumbent on litigants, even those proceeding pro se, to follow ... rules of procedure") (quoting *Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980)). Out of appreciation for a defendant's right to fair and timely resolution of litigation, *pro se* litigants should not "be accorded special consideration" when they fail to adhere to readily comprehended court deadlines. *See Jourdan*, 951 F.2d at 110. Because Plaintiff's failure to participate has been related to straightforward-procedural issues, such as planning deadlines and compliance with basic Court orders, and because he was warned of the consequences for his failure to participate, this factor weighs in favor of dismissal.

As to the fourth and final factor, the Court has considered alternative sanctions. *See Shavers*, 516 F. App'x at 571 (a district court is not required "to incant a litany of the available lesser sanctions"). But due to Plaintiff's failure to meaningfully engage, lack of response or effort to communicate with the Defense counsel, and his failure to comply with at least three Court orders, the Court finds this factor weighs in favor of dismissal.

## Conclusion

For the reasons stated, the Court recommends that Plaintiff's Complaint be dismissed, with prejudice, for failure to prosecute.

Dated: July 15, 2024

>  /s/ *James E. Grimes Jr.*
> James E. Grimes Jr.
> U.S. Magistrate Judge

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days after the party objecting has been served with a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1). Failure to file objections within the specified time may forfeit the right to appeal the District Court's order. *See Berkshire v. Beauvais*, 928 F.3d 520, 530–531 (6th Cir. 2019).