UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

**FILED**

JUL 25 2024

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

Brian Beard,
   (P)

V

Judge: Pamela Barker

Magistrate:

Tunnell et al.,

   (D)

Case No. 23-cv-02389

## OBJECTION TO THE MAGISTRATE'S REPORT
## CONSOLIDATED WITH MOTION TO DISMISS CASE WITHOUT PREJUDICE

Now comes the plaintiff and OBJECTS TO THE MAGISTRATE'S REPORT, for the reasons that:

   It is well settled law that an individual cannot represent a corporation. Realizing this (P) was in search of an attorney to appear at phone conference but could not find one. For this reason (P) moves to dismiss this action "without prejudice" rather than "with prejudice", as improvidently filed.
   Per FACTS of case same rewritten herein, the (P) was attempting to represent a corporation. This case should have been dismissed by court before service without prejudice as an individual is not allowed to represent a corporation.

"legal concept in criminal cases where an individual has the right to legal counsel or, alternatively, to represent themselves. .. It may be tempting to think that this right is extended to corporations since, in *United v. FEC,* 558 U.S. 310 (more) · 130 S. Ct. 876; 175 L. Ed. 2d 753; 201 (but it does not) the Supreme Court ruled that corporations as an entity are considered people, which gives them the right to spend money in a way that aligns with their values and beliefs. But rather, the opposite is true. It has been legally established that a corporation or LLC cannot represent itself in court proceedings but must appear through an attorney. The idea that a corporation cannot represent itself in court comes from Merco Constr. Engineers, Inc. v. Municipal Court (1978) 21 Cal. 3d 724, 789. This idea has been upheld since that time. There are three rationales for this ruling including:

1. Since many corporations and LLCs are special entities with multiple shareholders insulated from personal responsibility, the court requires a single designated spokesperson who can be held accountable. Additionally, this distinction helps to maintain the wall between the corporation as an entity and its individual shareholders, directors..."

Hence, even the filing of this matter, signed by a non-attorney is void, void ab initio, and (P) prays to dismiss "without prejudiced" rather than "with prejudice" for the reasons stated by the magistrate as the (P) could not legally appear at the telephone conference pro'se purporting to represent a corporation.

Wherefore (P) prays for an order dismissing case without prejudice. As the 7/15/24 ruling now stands dismissal is "with prejudice". A "with prejudice" ruling would deny (P) "access to the courts" under 1st, 6th, 14th Amendment to address issues with an attorney on a case that was "void ab initio" per the facts as (P) could not legally represent a corporation.

For same (P) prays.

Respectfully submitted,

Brian Bead

CERTIFICATE OF SERVICE

A copy of this motion has been served on the attorney for the defendant John McLandrich, et al., 100 Franklin's Row 34305 Solon Rd., Cleve., OH 44139 by US mail postage prepaid 7/25/24