IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| BRIAN BEARD, | Case No. 1:23-cv-02389-PAB |
| Plaintiff, | |
| | JUDGE PAMELA A. BARKER |
| -vs- | |
| | Magistrate Judge James E. Grimes Jr. |
| CHRISTOPHER TUNNELL, *et al.*, | |
| Defendants. | MEMORANDUM OF OPINION AND ORDER |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge James E. Grimes Jr. (Doc. No. 24), which recommends dismissal of Plaintiff's Complaint *sua sponte* for want of prosecution under Federal Rule of Civil Procedure 41(b). No objections have been filed.[1]

For the following reasons, the Report and Recommendation is ACCEPTED.

**STANDARD OF REVIEW**

When objections are made to a Magistrate Judge's Report and Recommendation, the district court reviews the case *de novo*. Federal Rule of Civil Procedure 72(b)(3) provides in pertinent part:

> The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition;

---

[1] The Magistrate Judge's Report and Recommendation was filed on July 15, 2024. (Doc. No. 24.) On July 25, 2024, Plaintiff filed an Objection to the Magistrate's Report Consolidated with Motion to Dismiss Case without Prejudice ("Objection"), in which Plaintiff contends that he was "attempting to represent a corporation" (as opposed to an individual) and therefore could not appear in this case *pro se*. (Doc. No. 25 at PageID# 124.) However, this contention is baseless in law and in fact, as none of Plaintiff's filings with the Court suggest that he is representing a business organization. Indeed, Plaintiff represents several times in his Complaint that "Plaintiff" is "Brian Beard," who is a "United States citizen." (Doc. No. 1 at ¶ 3.) Plaintiff elsewhere represents that he, as the plaintiff, is "pro se," which suggests he is not a corporation. (*See* Doc. No. 7.) Plaintiff's Objection further does not explain his failure to prosecute his case, abide by Court orders, or appear for hearings, or respond to any other aspect of the Magistrate Judge's Report and Recommendation. Plaintiff's Objection, therefore, does not constitute a proper "objection" to the Magistrate Judge's Report and Recommendation. *See Austin v. Camping World of Memphis*, 2022 WL 19763449, at *5 (W.D. Tenn. Sept. 27, 2022) (reviewing report and recommendation in part for clear error despite plaintiff's objection because objection was "baseless" and failed to address magistrate judge's recommendation).

receive further evidence; or return the matter to the magistrate judge with instructions.

As stated in the Advisory Committee Notes, "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." In *Thomas v. Arn*, 474 U.S. 140, 150 (1985), the Court held, "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."

## **DECISION**

This Court, having reviewed the Report and Recommendation and finding no clear error, accepts the Magistrate Judge's Report and Recommendation. The Court hereby dismisses with prejudice Plaintiff's Complaint for the reasons stated by the Magistrate Judge in the Report and Recommendation, which is incorporated herein by reference.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

**IT IS SO ORDERED.**

Date: August 9, 2024

*s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE